# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MARQUELL GREENE, | * | |
| Plaintiff | * | |
| v | * | Civil Action No. ELH-21-978 |
| U.S.A., | * | |
| J.R. BELL, Warden, | | |
| TOM GERA, Health Services Administration, | * | |
| KRISTI CRITES, Health Services Administration, | * | |
| LISA HALL, Health Services Administration, | | |
| MOHAMED S. MOUBAREK, Clinical Director, | * | |
| | * | |
| Defendants | | |

***

## **MEMORANDUM**

Plaintiff Marquell Greene filed a Motion for Leave to Proceed in Forma Pauperis and a copy of his inmate account statement. ECF 5. Based on the information provided, I will grant the Motion subject to payment of the filing fee in accordance with 28 U.S.C. § 1915(g). The account statement does not contain sufficient information to assess the initial partial payment, which shall be waived.

Also pending is plaintiff's Motion to Appoint Counsel. ECF 3. A federal district court judge's power to appoint counsel under 28 U.S.C. § 1915(e)(1), is discretionary, and may be considered where an indigent claimant presents exceptional circumstances. *See Cook v. Bounds*, 518 F.2d 779 (4th Cir. 1975); *see also, Branch v. Cole*, 686 F.2d 264 (5th Cir. 1982). Exceptional circumstances exist where a "pro se litigant has a colorable claim but lacks the capacity to present it." *See Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984) (holding that 28 U.S.C. § 1915 does not authorize compulsory appointment of counsel), abrogated on other grounds by *Mallard*

*v. U.S. Dist. Ct.*, 490 U.S. 296, 298 (1989). Plaintiff provides one ground for appointment of counsel: he is unable to afford retaining an attorney. ECF 3.

Upon careful consideration of plaintiff's motions and previous filings, I find that he has demonstrated the ability to articulate the legal and factual basis of his claims himself or secure meaningful assistance in doing so. The issues pending are not unduly complicated. Therefore, there are no exceptional circumstances to warrant appointment of an attorney to represent plaintiff under § 1915(e)(1).

Sections 1915(e)(2)(B) and 1915A of 28 U.S.C. require the court to conduct an initial screening of this complaint and dismiss any claim that (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b); *see also Lomax v. Ortiz-Marquez,* 140 S.Ct. 1721 (2020). Here, the Complaint is deficient because it does not allege personal involvement or culpability on the part of defendants in providing plaintiff his medical tests or care for tuberculosis. Indeed, aside from being named as defendants, none is mentioned in the Complaint.[1]

Claims brought under § 1983 must allege personal involvement on the part of the defendant. *Wilcox v. Brown,* 877 F.3d 161, 170 (4th Cir. 2017) ("Liability will only lie where it is affirmatively shown that the official charged acted personally in the deprivation of the plaintiffs' rights.") (quoting *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977)). Mere knowledge and inaction in the face of others' actions, without more, does not support a finding of liability under

---

[1] Plaintiff makes specific reference to some defendants in "Exhibit 2" filed with the Motion to Appoint Counsel." ECF 3-1. Plaintiff will be sent a copy of the exhibit to assist in completing the amended complaint.

§1983. In a civil rights action, the liability of supervisory officials is premised on "'a recognition that supervisory indifference or tacit authorization of subordinates' misconduct may be a causative factor in the constitutional injuries they inflict on those committed to their care." *Baynard v. Malone*, 268 F.3d 228, 235 (4th Cir. 2001) (quoting *Slakan v. Porter*, 737 F.2d 368, 372 (4th Cir. 1984)). Supervisory liability under § 1983 must be supported with evidence that (1) the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens like the plaintiff; (2) the supervisor's response to the knowledge was so inadequate as to show deliberate indifference to or tacit authorization of the alleged offensive practices; and (3) there was an affirmative causal link between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff. *See Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994).

A complaint drafted by a self-represented plaintiff is held to a less stringent standard than those drafted by attorneys. A plaintiff who submits an inartfully pleaded complaint that includes a potentially cognizable claim should have the opportunity to particularize the complaint to define the issues and to name proper defendants. *See Johnson v. Silver*, 742 F.2d 823, 825 (4th Cir. 1984). Plaintiff will be provided an opportunity to file an amended complaint, due by **August 9, 2021,** to correct these deficiencies.

To comply with the Federal Rules of Civil Procedure, a complaint must contain at a minimum a short and plain statement of the claim that shows the plaintiff is entitled to relief and a request for relief, *see* Fed. R. Civ. Proc. 8(a), and also the names of each defendant, *see* Fed. R. Civ. Proc. 10(a). Additionally, under Rule 8(a), a pleading must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N. A.,*

534 U.S. 506, 512 (2002) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Under Rule 8(d)(1), each allegation in a complaint should be "simple, concise, and direct." A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action does not satisfy Rule 8's basic pleading requirements. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007)).

As a reminder, an amended complaint ordinarily replaces the original complaint filed. The general rule is "an amended pleading ordinarily supersedes the original and renders it of no legal effect." *Young v. City of Mt. Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) (quoting *Crysen/Montenay Energy Co. v. Shell Oil Co*., 226 F.3d 160, 162 (2d Cir. 2000)) (noting exception for purposes of appellate review of claims dismissed in original complaint that were not included in amended complaint). Therefore, the amended complaint must include all of the allegations against each of the defendants, so that the amended complaint may stand alone as the sole complaint in this action which defendants must answer. Additionally, an amended complaint must meet the requirements set forth herein, in order to avoid dismissal pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

Plaintiff is cautioned that his right to file a complaint in federal court without first paying the filing fee ($402) will be greatly curtailed if he has three actions or appeals dismissed under the provisions of 28 U.S.C. §§ 1915(e)(2)(B)(i)(ii) and 1915A(b)(1) as frivolous, malicious, or for failure to state a claim while he is incarcerated. *See* 28 U.S.C. § 1915(g).

An Order follows.

Date: July 12, 2012

                                      /s/
                                Ellen L. Hollander
                                United States District Judge